UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FLANDREAU SANTEE SIOUX TRIBE, a federally recognized Indian tribe, | 4:20-CV-4142 |
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED STATES OF AMERICA; ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Service; RADM MICHAEL D. WEAHKEE, in his official capacity as Director of the Indian Health Service; and DAVID BERNHART in his official capacity as Secretary of the United States Department of Interior, | |
| Defendants. | |

Plaintiff Flandreau Santee Sioux Tribe ("the Tribe") has filed a lawsuit against Defendants United States of America; Alex M. Azar II, in his official capacity as Secretary of the United States Department of Health and Human Service; Radm Michael D. Weahkee, in his official capacity as Director of the Indian Health Service; and David Bernhart in his official capacity as Secretary of the United States Department of Interior (collectively, "Defendants"). In its Complaint, the Tribe alleges that Defendants failed to pay the full amount of contract support costs due to it in violation of their obligations under the Tribe's Indian Self Determination Education and Assistance Act ("ISDEAA") contracts for fiscal years 2011 through 2013 and in violation of the ISDEAA. Pending before the Court is Defendants' Motion to Dismiss Counts II, III, and VI of the Tribe's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction for failing to present these claims to Indian Health Service. In Counts II and III, the Tribe alleges breach of contract claims for: 1) Failure to Pay Indirect Contract Support Costs Associated with Third-Party Revenues-Funded Portion of the Program; and 2) Lost Third-Party Revenues. In its claim to Indian Health Service, the Tribe characterized its claims alleged in Counts II and III as claims for "expectancy damages." In Count VI, the Tribe alleges a claim for

1

a breach of a statutory duty to pay the Tribe full contract support costs under 25 U.S.C. § 5325(a)(2)-(3).

Under the Contract Disputes Act ("CDA") "[e]ach claim by a contractor against the Federal Government relating to a contract shall be in writing," "shall be submitted to the contracting officer for a decision," and "[f]or claims of more than $100,000 . . . the contractor shall certify [the claim]." 41 U.S.C. § 7103(a), (b). Thus, "[a] valid final decision by the contracting officer is a 'jurisdictional prerequisite' to further legal action thereon." *Johnson Controls World Servs., Inc. v. United States*, 43 Fed.Cl. 589, 592 (1999) (quoting *Sharman Co. v. United States*, 2 F.3d 1564, 1568 (Fed. Cir. 1993)). Although the CDA does not specify the elements of a valid claim, courts have adopted the definition set forth in 48 C.F.R. (FAR) § 2.101: "[A] written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.'" *Claude Mayo Constr. Co. v. United States*, 128 Fed.Cl. 616, 621 (2016) (citing 48 C.F.R. § 2.101). Thus, under the CDA, "to recover money damages, a claim . . . must be '(1) a written demand or assertion, (2) seeking as a matter of right, (3) the payment of money in a sum certain.'" *United Constructors, LLC v. United States*, Civ. No. 08-757C, 2009 WL 875358, at *6 (Fed. Cl. 2009) (citing *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996)).

In its brief in opposition to Defendants' Motion to Dismiss, the Tribe asserts that it provided documentation to the contracting officer to support it claims for expectancy damages. A claim may arise from the combination of more than one document submitted to the contracting officer. *N. Star Alaska Hous. Corp. v. United States*, 76 Fed.Cl. 158, 184 (2007). However, the additional documentation allegedly provided to the contracting officer is not presently in the record on this Motion to Dismiss.

As Defendants have challenged the jurisdictional factual assertion that the Tribe has filed claims for reimbursement of all of its unpaid contract support costs incurred in fiscal years 2011 through 2013, the court may consider relevant evidence outside the pleadings to resolve that factual dispute. *See Diversified Maintenance Sys., Inc. v. United States*, 110 Fed.Cl. 612, 615 (2013). In ruling on this type of Rule 12(b)(1) motion, the court need not accept bare allegations in a plaintiff's pleadings. *Disability Support Alliance v. Heartwood Enterprises, LLC*, 885 F.3d 543,

547 (8th Cir. 2018). In addition, the Court concludes that it is not precluded from considering this evidence in determining whether the Tribe presented its claims for expectancy damages to Indian Health Service and whether the Court thus has jurisdiction over these claims. *See* Fed. R. Evid. 408 ("The court may admit this evidence for another purpose…."); *Love v. Talbert House*, Civ. No. 19-0448, 2020 WL 6440256, at *2 (S.D. Ohio Nov. 3, 2020) ("Rule 408 does not prohibit the consideration of [statements made as part of settlement negotiations] for other purposes; specifically, it does not prohibit their consideration to establish that a plaintiff fulfilled administrative exhaustion requirements."); Weinstein's Federal Evidence § 408.08[9] (2d ed.) ("Rule 408 does not prohibit evidence of a settlement when it is used either to establish or to attack the court's jurisdiction.").

Accordingly, it is hereby ORDERED:

1) If the parties can jointly agree by stipulation as to the additional documents the Tribe provided to Indian Health Service in support of its expectancy damages claims, prior to IHS's final decision denying the Tribe's claims, please file such documents with the Court no later than September 24, 2021. If not, then each party that wishes to respond, should do so by filing a response with the Court by September 24, 2021.

Dated this **15** day of September, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK