UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| FLANDREAU SANTEE SIOUX TRIBE, a Federally-recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | 4:20-cv-04142-LLP<br><br>**SETTLEMENT AGREEMENT** |

The Plaintiff, Flandreau Santee Sioux Tribe ("Plaintiff"), and Defendants, Alex M. Azar II, former Secretary of the U.S. Department of Health and Human Services ("HHS"), RADM Michael D. Weahkee, former Director of the Indian Health Service ("IHS"), David Bernhart, former Secretary of the U.S. Department of Interior ("DOI"), and United States of America ("Defendants"), hereby enter into this Settlement Agreement ("Agreement").

WHEREAS, on September 29, 2020, Plaintiff filed an action in the U.S. District Court for the District of South Dakota against Defendants, see Complaint, *Flandreau Santee Sioux Tribe v. United States of America, et al.*, No. 4:20-cv-04142, ECF 1 (the "Litigation");

WHEREAS, Plaintiff's Complaint alleges that Defendants breached contracts entered into under the Indian Self-Determination and Education Assistance Act, codified at 25 U.S.C. §§ 5301 *et seq.*, in fiscal years 2011 through 2013 by failing to pay "contract support costs" as required by the contracts;

WHEREAS, Defendants deny all liability as to all allegations by the Plaintiff in this Litigation;

WHEREAS, Defendants filed a counterclaim in this action on January 20, 2021 for contract

support cost "overpayment made under the ISDEAA Agreement for FY 2011-2013;"

WHEREAS, Plaintiff denies all liability as to all allegations by the Defendant in the counterclaim filed in this Litigation;

WHEREAS, Plaintiff and Defendants (collectively "the Parties" or individually "a Party") wish to avoid further expense and risk of litigation and believe it to be in their mutual interest to enter into this Agreement.

NOW THEREFORE, the Parties hereby mutually and voluntarily agree as follows:

1. This Agreement is the result of the Parties compromising and settling disputed claims. Neither this Agreement nor representations made by either Party in the course of negotiating this Agreement shall constitute or be construed as an admission of liability or wrongdoing by any Party, or by their officers, employees, agents, assigns, representatives, or agents, related to any claims of defenses that were raised (or could have been raised) with regard to the claims asserted in the Litigation.

2. Defendants will pay Plaintiff Seven Hundred Twenty-Five Thousand Dollars ($725,000) to resolve all aspects of Plaintiff's claims concerning the Litigation, including any claim for Plaintiff's costs, expenses, and attorneys' fees and any settlement negotiations related to the Litigation ("Settlement Payment"). In addition, interest on the Settlement Payment shall be paid, as authorized by the Contract Disputes Act, 41 U.S.C. § 7109, for the period starting September 27, 2017 for $241,668, and November 6, 2017 for $483,332, through the date of payment. In entering into this Agreement, the Parties mutually waive all other claims any Party may have against the other Party for any fees, costs, or expenses related to the Litigation, and any settlement negotiations related to the Litigation. The Settlement Payment will be made via

electronic funds transfer to Peebles Kidder LLP. Defendants will use their best efforts to issue the Settlement Payment within sixty (60) days after the Effective Date.

3. Within ten (10) business days of the Effective Date of this Agreement, the Parties agree to file a Joint Notice of Dismissal with prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, with the U.S. District Court for the District of South Dakota regarding Plaintiff's claims and Defendants' counterclaim for fiscal years 2011 through 2013, Case No. 4:20-cv-04142.

4. Each Party releases and discharges the other Party and its past or present employees, representatives, or agents, in their official or individual capacities, or any agency or instrumentality of the United States, from any and all claims, legal and equitable, arising from or related to any payment, overpayment, nonpayment, or underpayment of contract support costs by the Defendants in fiscal years 2011 through 2013, including all claims for contract support costs, damages, attorneys' fees, interest, expenses, and costs. The Parties agree that this paragraph does not preclude either Party from seeking to enforce the terms of this Agreement.

5. Notwithstanding any other provision of this Agreement, the Parties agree that the Settlement Payment is not to be counted as contract support costs recovery for any year, for any purpose, including indirect cost rate and/or shortfall calculations. The Plaintiff will continue to be eligible for increases in its contract support costs funding on the same basis as all other tribes.

6. Each Party to this Settlement Agreement shall bear all of its own costs, expenses, and attorney's fees for all aspects of the claims and the counterclaim and related appeals thereof.

7. This Agreement shall not constitute a precedent or argument in this or any other matter, including subsequent contract negotiations, nor shall it be used as evidence or otherwise in any pending or future civil or administrative action against or involving HHS, or their employees,

representatives, or agents, or any agency or instrumentality of the United States, except as may be necessary to establish or clarify the Parties' respective rights and obligations under this Agreement, or to show estoppel against any future litigation in violation of this Agreement. The Parties acknowledge that negotiations underlying the Agreement are confidential and are subject to Federal Rule of Evidence 408. None of the representations made by either Party in the course of negotiating this Agreement shall be disclosed to any individual other than the Parties to this case, their attorneys, or their experts.

8. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective predecessors, successors, agents, and assignees.

9. The terms of this Agreement shall constitute the entire settlement agreement between the Parties regarding both the final disposition of the claims and the Parties' respective rights and obligations under this Agreement, and any prior oral or written statement, representation, agreement, or understanding that is not expressly contained herein, shall have no force or effect whatsoever. This Agreement shall be deemed to have been drafted jointly by the Parties, and no alleged ambiguity shall be construed against any Party as the drafter.

10. This Agreement takes effect upon execution of the Agreement by the signatories for all Parties and delivery of the fully executed Agreement to all Parties, also referred to as the Effective Date.

11. The Parties may execute this Agreement in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement. A facsimile or other duplicate of a signature shall constitute an acceptable, binding signature for purposes of this Agreement.

**FOR THE PLAINTIFF:**

PEEBLES KIDDER LLP

_/s/ Rebecca Kidder_ Date: 2/9/2024
Rebecca Kidder
Peebles Kidder LLP
1818 W. Fulton St. Suite 201
Rapid City, SD 57702
(605) 791-1515
RKidder@ndnlaw.com

**FOR THE DEFENDANTS:**

ALISON J. RAMSDELL
United States Attorney

_____
YVETTE K. LAFRENTZ
Assistant U.S. Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 330-4400
Yvette.Lafrentz@usdoj.gov